**Hubert LECKIE, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Respondent.**

**No. 82–1298.**

District of Columbia Court of Appeals.

Feb. 25, 1983 *.

Gerald M. Green, Washington, D.C., for petitioners.

William H. Lewis, Washington, D.C., for respondent.

Before KELLY, KERN, and FERREN, Associate Judges.

* This decision was announced in an unpublished judgment as amended, without opinion, on October 29, 1982.

1. This court's order was issued on October 29, 1982. On the same day, we denied the Board's petition for reconsideration and granted petitioners' motion to amend judgment as follows: "... this Court's October 29, 1982, judgment is

**PER CURIAM:**

This case presents the question whether, in a primary election, a registered voter who wishes to write in the name of a candidate is limited to writing in the name of a registered member of the party for which the ballot is cast. We conclude that a voter may write in the name of any qualified candidate, without regard to party; that the Board of Elections and Ethics (Board) erred in ruling that a registered voter is limited to writing in the name of a party member; and, accordingly, that the motion of petitioners, who are registered members of the Statehood Party, should be granted, resulting in: summary reversal of the Board's certification of Gregory Rowe as the Statehood Party candidate for Chairman of the Council of the District of Columbia; issuance of an order that the Board shall take all steps necessary, including posting of signs in conspicuous places at each voting precinct, to notify the electorate that David A. Clarke is the Statehood Party nominee for Chairman of the Council of the District of Columbia;[1] and denial of the Board's motion for summary affirmance.

**I.**

On September 14, 1982, the Board conducted primary elections for the Democratic, Republican, and Statehood parties. The Board distributed ballots to each voter, according to his or her registered political affiliation, for selection of party candidates in the general election to be held November 2, 1982.

No pre-printed names of nominees were listed on the Statehood Party ballots for Chairman of the Council of the District of Columbia. Thus, Statehood Party members

hereby amended to provide that the Respondent shall take all steps necessary, including posting of signs in conspicuous places at each voting precinct on Tuesday, November 2, 1982, to notify the electorate that David A. Clarke is the nominee of both the Democratic Party and the Statehood Party for Chairman of the Council of the District of Columbia."

had to write in their choices. A total of 72 Statehood Party members wrote in the name of non-party member, David A. Clarke, who was a registered member of the Democratic Party (and who, as it turned out, became the Democratic Party nominee for Council Chairman). Five Statehood Party members, including Gregory Rowe, received one write-in vote each. The Board drew lots, picked Gregory Rowe's name, and subsequently certified him as the Statehood Party primary winner, and thus, nominee for Council Chairman.

The Board did not officially notify Clarke tht he was the apparent winner of the Statehood Party primary. Nor was he extended an opportunity to affirm his write-in candidacy as nominee for the Statehood Party. Upon receiving informal notification that he was the apparent victor, Clarke wrote the Board a letter protesting the "proposed certification of Mr. Gregory Rowe as the Statehood Party candidate," but to no avail. On October 12, 1982, the Board certified Rowe.

Petitioners Hubert Leckie and Frederic Heutte are registered Statehood Party members who actively participated in the September 14, 1982 primary election. They filed a timely petition with this court asking us summarily to reverse the Board's decision certifying Gregory Rowe as the Statehood Party nominee. In addition, petitioners requested certification of David A. Clarke as both the Democratic and Statehood Parties' nominees for Chairman of the Council of the District of Columbia[2] or, alternatively, issuance of an order prohibiting certification of a Statehood Party nominee on the general election ballot.

## II.

Petitioners contend the Board violated its own rules by not extending Clarke an opportunity to affirm his write-in candidacy—based on 71 more votes than Gregory Rowe—pursuant to 3 D.C.M.R. § 604.2

(1981), which requires the Board to notify apparent write-in winners of the results of the primary. In addition, petitioners contend that the Board, in concluding that Clarke was ineligible for the Statehood Party nomination, violated due process, as well as the Board's own rules and regulations. Consequently, petitioners claim, the Board unlawfully has disenfranchised them by arbitrarily withholding the right to select their own nominee for the general election.

The Board asked for summary affirmance of its decision, based on its interpretation of D.C.Code § 1–1312(i)(1) (1981) and the corresponding rules and regulations, 3 D.C. M.R. §§ 604 *et seq.* (1981). Specifically, the Board points out that D.C.Code § 1–1312(i)(1) (1981) requires each individual nominated by petition to be of the same political party as the petitioners. By implication, therefore, nomination through write-in votes should be subject to the same requirement; party members only may write-in nominees registered with their own party. Consequently, the Board argues, Clarke is ineligible to be a Statehood Party nominee because he is a member of the Democratic Party.

We reject the Board's argument which, as the Board concedes, is based solely on an inference drawn from § 1–1312(i)(1) governing nominations by petition. No statute, rule, or regulation expressly limits write-in nominations to membership in the party for which the ballot is cast. Furthermore, we have stated that "a prime purpose of Congress in formulating the District of Columbia Elections law was to keep the franchise open to as many people as possible," *Gollin v. District of Columbia Board of Elections and Ethics,* 359 A.2d 590, 595 (D.C.1976); that voters have a right to write in votes for individuals whose names are not printed on the ballot, *Kamins v. Board of Elections for the District of Columbia,* 324 A.2d 187 (D.C.1974); and that the Board, as well as this court, has a

---

**2.** Petitioners also asked this court to order the Board to post signs at each voting precinct, notifying the electorate that David A. Clarke was the Statehood Party nominee, not Gregory Rowe.

responsibility to determine the "true results" of the election, D.C.Code § 1–1315(b) (1981), *i.e.,* "the true intent of the voter[s] can be ascertained with reasonable certainty." *Pendleton v. District of Columbia Board of Elections and Ethics,* 449 A.2d 301, 304 (D.C.1982). Limitation of write-in votes to nominees of the same political party as that of the voter effectively would remove the franchise from many good-faith voters, diminish the right to write-in votes, and—as the Board's action here illustrates—frustrate the intent of a party's voters.

Contrary to the Board's view, as expressed in its Opposition to the Motion for Summary Reversal, our ruling in petitioners' favor does not "pose a serious threat to the viability of minority party representation on the Council of the District of Columbia, the preservation of which was a well-articulated goal of Congress in enacting the District of Columbia Self-Governmental Reorganization Act. (Dec. 24, 1973; 87 Stat. 774, Pub.L. 93–198)" (footnote omitted).[3] Certification of independent and minority party candidates who meet the prescribed requirements for the general election ballot is assured. The fact that one party may nominate its candidate by write-in votes favoring a member of another party does not derogate from the fact that the nominating party is making its own choice. The opportunity to write-in any qualified nominee, not limited by party membership, may be all the more important when, as in this case, there is no candidate on the primary election ballot by petition; for, otherwise, the rank-and-file members will be precluded from attracting and espousing candidates and policies that many of the party members favor.

### III.

Accordingly, we grant petitioners' motion for summary reversal and deny the Board's motion for summary affirmance, in accordance with the attached order, as amended. See note 1 *supra.*

*So ordered.*

---

**3.** The guarantee of minority party representation has been held constitutional. *Hechinger v.* *Martin,* 411 F.Supp. 650 (D.C.1976).